■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE DIAZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demakos, J., at trial; Kramer, J., at sentencing), rendered September 10, 1984, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Based upon the record before us, we cannot agree with the

defendant's contention that he was deprived of the effective assistance of counsel. The failure of defense counsel to request a *Wade* hearing was not error where the defendant conceded at trial that he was at the scene of the crime and where his defense was based upon the issue of credibility between his version of the incident and the version of the People's sole eyewitness. Moreover, we note that the testimony clearly established that there was an ample source for the witness's in-court identification of the defendant, independent of his pretrial photographic identification *(see, People v Boero,* 117 AD2d 814, 815; *People v Morris,* 100 AD2d 630, *affd* 64 NY2d 803). The failure of counsel to call an independent forensic expert was not error. Counsel conducted an extensive cross-examination of the People's expert and got her to concede that she was not certain of various facts to which she had testified. Thus, the failure to call an independent expert is nothing more than a trial tactic which should not be second-guessed *(see, People v Baldi,* 54 NY2d 137). Finally, defense counsel should not have elicited on direct examination of his client that he had been convicted of an arson charge for which he received a youthful offender adjudication, since the court's previous *Sandoval* ruling had limited the inquiry solely to the underlying acts. However, the court gave a prompt curative instruction *(see, People v Berg,* 59 NY2d 294). Moreover, the defendant has not demonstrated that his attorney's actions worked an actual and substantial disadvantage to his defense *(see, Strickland v Washington,* 466 US 668; *People v Morris, supra).*

Nor can we agree with the defendant's argument that he was penalized for exercising his right to trial since his codefendants received lesser sentences after pleading guilty. There is no indication that vindictiveness based upon the defendant's failure to plead guilty played any part in his sentencing *(see, People v Patterson,* 106 AD2d 520, 521). The sentencing minutes indicate that the court looked to the appropriate factors in sentencing the defendant, and we conclude, therefore, that there was no abuse of discretion *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is unpreserved for review, and in any event is without merit. Mangano, J. P., Niehoff, Spatt and Harwood, JJ., concur.