■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN SANCHEZ, Appellant.—Appeal by the defendant (1) from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered June 18, 1985, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court, entered February 11, 1987, which denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the judgment and order are affirmed.

The defendant's conviction for the crime of murder in the second degree emanated from the strangulation killing of his former girlfriend's grandmother on the evening of June 15, 1979, in her Brooklyn apartment. He contends, on appeal, that he was denied the effective assistance of counsel during his retrial *(see, People v Sanchez,* 92 AD2d 595, *affd* 61 NY2d 1022), based upon his attorney's failure to request a jury instruction with respect to the affirmative defense of extreme emotional disturbance. We disagree.

It is well settled that the courts must look at the totality of the evidence, the law and the circumstances of a particular case in determining whether a defendant has been provided with the effective assistance of counsel *(see, People v Satterfield,* 66 NY2d 796). The "most critical concern in reviewing claims of ineffective counsel is to avoid both confusing true ineffectiveness with mere losing tactics and according undue significance to retrospective analysis" *(People v Baldi,* 54 NY2d 137, 146). Guided by these standards, we conclude that the defendant has failed to establish that his trial counsel provided him with less than meaningful representation *(see, People v Rivera,* 71 NY2d 705; *People v Benn,* 68 NY2d 941). A

review of the record indicates that trial counsel's refusal to request a charge on extreme emotional disturbance constituted legitimate trial strategy. In any event, we note that the evidence, when viewed in the light most favorable to the defendant *(see, People v Moye,* 66 NY2d 887), did not warrant the submission of the defense of extreme emotional disturbance to the jury *(see, People v Deresky,* 137 AD2d 704).

Additionally, we find, after balancing the factors set forth in *People v Taranovich* (37 NY2d 442), that the defendant's claim of a deprivation of his constitutional right to a speedy trial is devoid of merit.

We have examined the defendant's remaining contentions, including those raised in his CPL 440.10 motion and supplemental *pro se* brief, and find them to be either unpreserved for appellate review or without merit. Mangano, J. P., Brown, Eiber and Harwood, JJ., concur.