■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD BUTRICO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered March 15, 1985, convicting him of robbery in the first degree, upon a jury verdict, and robbery in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress certain identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, a review of the record reveals that neither the photo array shown to Janet Khamo nor the lineup employed was unduly suggestive *(see, People v Carlton,* 146 AD2d 641; *People v Smith,* 140 AD2d 647, *lv denied* 72 NY2d 961; *People v Lewis,* 134 AD2d 286). Moreover, we agree with the hearing court that both witnesses had ample opportunity in which to form an independent basis for in-court identifications of the defendant *(see, People v Malloy,* 55 NY2d 296, *cert denied* 459 US 847; *People v Lewis, supra; People v Collymore,* 127 AD2d 603, *lv denied* 69 NY2d 948; *People v Smalls,* 112 AD2d 173).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Lastly, we find the defendant has failed to demonstrate a deprivation of his right to the effective assistance of counsel. The defense counsel's representation was within the broad

range of reasonably competent assistance and there is no reasonable probability that the outcome of the trial was affected by the alleged shortcomings of counsel *(see, People v Baldi,* 54 NY2d 137; *People v Diaz,* 131 AD2d 775).

We have considered the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Mangano, Kooper and Spatt, JJ., concur.