■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARMINE CESARIO, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Beerman, J.), rendered January 2, 1987, convicting him of attempted murder in the second degree, attempted assault in the first degree (five counts), assault in the second degree, reckless endangerment in the first degree (two counts), criminal mischief in the second degree, and criminal possession of a weapon in the fourth degree (two counts), after a nonjury trial, and imposing sentence, and (2) by permission, from an order of the same court, dated February 16, 1988, which denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the judgment and the order are affirmed.

On the evening of September 23, 1985, the defendant, armed with a shotgun, rifle, and hunting knife, proceeded to the home of his former wife and fired numerous shots through the windows and doors of the premises. One of these shots struck his former wife, wounding her in the leg and buttocks. On appeal the defendant contends, *inter alia,* that he was denied the effective assistance of counsel in defending himself against a charge of attempted murder in the second degree stemming from the shooting of his wife based upon his attorney's reliance on a lack of intent rather than an extreme emotional disturbance defense. We disagree.

It is well settled that a reviewing court must look at the totality of the evidence as to the circumstances of a particular

case and to applicable law in determining whether a defendant has been provided with the effective assistance of counsel, and must " 'avoid both confusing true ineffectiveness * * * with mere losing tactics and according undue significance to retrospective analysis' " *(People v Satterfield,* 66 NY2d 796, 798; *People v Baldi,* 54 NY2d 137; *People v Sanchez,* 148 AD2d 760). The courts will not "second-guess whether a course chosen by [a] defendant's counsel was the best trial strategy, or even a good one, so long as defendant was afforded meaningful representation" *(People v Satterfield, supra,* at 799-800). Upon our review of the record, we conclude that the defendant was afforded meaningful representation by a well-prepared attorney who pursued a reasonable trial strategy which resulted in the acquittal of the defendant on other charges including four counts of attempted murder in the first degree. The record further indicates that trial counsel's decision not to pursue the defense of extreme emotional disturbance constituted legitimate trial strategy *(see, People v Sanchez, supra; People v Harris,* 109 AD2d 351, 361-362), particularly in light of the psychiatric evaluation prepared at counsel's request that opined that the defendant was not suffering from extreme emotional disturbance at the time of the shooting *(see, People v Harris, supra).*

Further, contrary to the defendant's contention, the evidence adduced at trial which established that he fired a shot from his rifle at four police officers who responded to the scene of the shooting, viewed in the light most favorable to the People, was legally sufficent to support the defendant's conviction of four counts of attempted assault in the first degree and one count of reckless endangerment in the first degree *(see, People v Contes,* 60 NY2d 620, 621; *see also, People v Coello,* 111 AD2d 866; *People v Rodriguez,* 121 AD2d 409). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's contention that the trial court's verdict was repugnant is unpreserved for appellate review *(see, People v Alfaro,* 66 NY2d 985; *People v Hillmon,* 154 AD2d 887; *People v Baldwin,* 130 AD2d 666) and we decline to reach it in the exercise of our interest of justice jurisdiction.

We have examined the defendant's remaining contentions, including his allegation that the sentence imposed was excessive, and find that they are either unpreserved for appellate review or are without merit. Bracken, J. P., Lawrence, Harwood and Balletta, JJ., concur.