■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL F. RINI, JR., Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered May 2, 1989, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction emanated from a robbery which took place at a restaurant in Manhasset in the early morning hours of September 20, 1987. On this appeal, the defendant argues that he was denied the effective assistance of trial

counsel insofar as counsel was assertedly under a misapprehension as to the time of the crime, thus undermining the credibility of his alibi defense. We disagree.

It is now well established that when presented with a claim of ineffective assistance of trial counsel, the reviewing court must look at the totality of the evidence, the law and the circumstances of the particular case (see, People v Rivera, 71 NY2d 705; People v Satterfield, 66 NY2d 796; People v Sanchez, 148 AD2d 760).

We conclude that the defendant has failed to establish that his trial counsel provided him with less than meaningful representation. Significantly, we note that while defense counsel was initially under a misapprehension as to the time of the crime, he realized this error prior to the presentation of any defense witnesses and made an appropriate application for a late alibi notice, which was granted. Thereafter, in connection with the alibi defense, two witnesses were presented on the defendant's behalf who did, in fact, testify that they had observed the defendant in a different location at the exact time of the crime. Thus, we find no prejudice to the defendant and deem his arguments in this respect to be meritless.

Furthermore, the sentence imposed was not excessive (see, People v Suitte, 90 AD2d 80).

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, Sullivan and Balletta, JJ., concur.