■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANNIE EASON, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Cowhey, J.), rendered February 27, 1985, convicting her of attempted murder in the second degree, assault in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of attempted murder in the second degree and related charges for the stabbing of Beverly Querry in the apartment she shared with Querry in the Village of Elmsford in Westchester.

The defendant contends, on appeal, that she was denied the effective assistance of counsel during trial principally because her counsel failed to introduce evidence to establish her

intoxication from a combination of alcohol and Librium at the time of the crime or to introduce expert testimony of the effects of alcohol and Librium on the defendant's ability to form the requisite intent. The theory of the defense was that the defendant lacked the requisite intent to commit the crimes charged due to a state of intoxication. Consistent with this theory, defense counsel did not submit evidence to demonstrate that the defendant did not commit the stabbing.

It is well established that the standard of review of trial counsel's performance is meaningful representation (see, People v Baldi, 54 NY2d 137, 147). In determining whether the standard has been met the courts must look at the totality of the evidence, the law and the circumstances of the particular case as of the time of the representation (see, People v Rivera, 71 NY2d 705, 708; People v Satterfield, 66 NY2d 796; People v Sanchez, 148 AD2d 760). In reviewing claims of ineffectiveness, care must be taken to avoid confusing true ineffectiveness with mere losing tactics and according undue significance to a hindsight analysis (see, People v Baldi, supra, at 146; People v Bossett, 157 AD2d 734; People v Sanchez, supra).

The evidence of the defendant's guilt in the instant case is overwhelming. In view of the strength of the evidence, it is clear that defense counsel recognized that the only possible defense was that the defendant could not form the requisite intent to commit the crimes charged because of her intoxication. Defense counsel performed effectively, albeit unsuccessfully, in furtherance of this defense. She persistently referred in her opening statement to the defendant's lack of sobriety, conducted vigorous cross-examination of the People's witnesses thereby eliciting testimony which tended to support the defense theory of intoxication, and concluded with a strong summation which again focused upon the defendant's intoxication as established by the trial evidence. The fact that the opening statement may have been more expansive than the evidence actually elicited at trial would serve to assist rather than hinder the defense. The record also reflects that defense counsel made numerous objections which the court frequently sustained during the course of the trial. In sum, the defense counsel's actions throughout the trial provided meaningful representation (People v Baldi, 54 NY2d 137, 147, supra).

We also find that the defendant's sentence, which is within the legally permissible range for a second felony offender convicted of a class B felony offense (see, Penal Law § 70.06 [3] [b]; [4] [b]), was an appropriate exercise of discretion in light of her prior criminal record and the vicious nature of the crime

and should not be reduced *(see, People v Suitte,* 90 AD2d 80, 85-87).

We have examined the defendant's remaining contentions and find them to be unpreserved for appellate review or without merit. Thompson, J. P., Brown, Kunzeman and Harwood, JJ., concur.