■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRENCE MASON, Appellant.—On the court's own motion it is,

Ordered that the decision and order of this court, dated December 31, 1990 [168 AD2d 690], is recalled and vacated, and the following decision and order is substituted therefor:

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered July 6, 1987, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the instant appeal, the defendant argues that his constitutional right to confront his accusers was infringed when the trial court permitted the investigating detective to testify that the defendant had been arrested after being implicated by a codefendant who did not testify at trial. However, this argument was not preserved for appellate review (see, CPL 470.05 [2]; People v Caldwell, 147 AD2d 581; People v Cummings, 109 AD2d 748) and, in any event, any error in this regard was harmless beyond a reasonable doubt (see, People v Crimmins, 36 NY2d 230, 237) in view of the overwhelming evidence of guilt (see, People v Grant, 133 AD2d 466; People v Dubois, 137 AD2d 706).

The defendant also argues that he was deprived of a fair trial by the statements of the prosecutor during summation. We disagree. The defendant has not preserved this issue for appellate review (see, CPL 470.05 [2]; People v Coker, 135 AD2d 723). In any event, the prosecutor's statements constituted a fair response to the defense summation which impugned the credibility of the prosecution's witnesses (see, People v Rawlings, 144 AD2d 500; People v Crawford, 130 AD2d 678).

The defendant's remaining arguments, including those raised in his supplemental pro se brief, are either unpreserved for appellate review (see, CPL 470.05 [2]) or without merit (see, People v Graziano, 151 AD2d 775; People v Patterson, 106 AD2d 520, 521). Mangano, P. J., Eiber, Sullivan and Balletta, JJ., concur.