■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BASTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered August 29, 1990, convicting him of murder in the second degree (two counts), and robbery in the first degree (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On May 23, 1989, the defendant, allegedly under the influence of crack cocaine, killed his mother by repeatedly stabbing her in the face, arms, and upper body. On appeal, the defendant argues that he was denied the effective assistance of counsel due to defense counsel's failure to introduce expert testimony of the effects of crack cocaine on the defendant's

ability to form the requisite intent to commit the crimes charged.

In reviewing a claim of ineffective assistance of trial counsel, it must be determined whether the defendant was afforded meaningful representation at the time and under the circumstances of the representation (see, People v Baldi, 54 NY2d 137). A defense counsel's "mere losing tactics" are not to be equated with ineffective assistance of counsel (People v Baldi, supra, at 146; People v Sanchez, 148 AD2d 760). Furthermore, as long as a defendant is afforded meaningful representation, the courts may not, aided by the wisdom of hindsight, second-guess matters of defense counsel's trial strategy (see, People v Satterfield, 66 NY2d 796, 799-800).

At bar, defense counsel's decision to focus on the weaknesses in the People's proof against the defendant and not to present an expert on crack cocaine intoxication constituted a legitimate trial strategy. It is apparent that counsel realized that there was no proof that the defendant was intoxicated at the time of the killing. Despite this, counsel was able to adduce sufficient evidence through the cross-examination of the defendant's siblings to establish that the defendant was a heavy crack user, and he strenuously argued this contention during his summation (see, People v Eason, 160 AD2d 1018; People v Clark, 94 AD2d 846). Balletta, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.