■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICO CONTRERAS, Appellant. [599 NYS2d 1004] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered November 1, 1991, convicting him

of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Although the prosecutor improperly argued in summation that the defendant failed to "explain" the evidence adduced by the People, the trial court averted any potential prejudice by promptly instructing the jury that the burden of proof remained on the People *(see, People v Berg,* 59 NY2d 294, 299-300). We also find that the challenged comments made by the prosecutor regarding the credibility of the People's witnesses represented a fair response to the defense counsel's own summation *(see, People v Arce,* 42 NY2d 179; *People v Mason,* 170 AD2d 464; *People v Waldron,* 154 AD2d 635).

The defendant further contends that the prosecutor's use of peremptory challenges against the only two Hispanic jurors in the jury pool was in violation of *Batson v Kentucky* (476 US 79). However, as defense counsel failed to articulate any facts or other relevant circumstances raising an inference of purposeful exclusion on the basis of race, we cannot find, on the record before us, that the defendant established a prima facie case of discrimination *(see, People v Childress,* 81 NY2d 263; *People v Bolling,* 79 NY2d 317, 324). Mangano, P. J., O'Brien, Ritter and Pizzuto, JJ., concur.