◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEVANCE DIXON, Appellant. [619 NYS2d 828] —Mercure, J. Appeal from a judgment of the County Court of Sullivan County (Siragusa, J.), rendered June 22, 1993, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

Defendant was indicted for criminal possession of a controlled substance in the first degree, criminally using drug

---

paraphernalia in the second degree and resisting arrest as the result of a February 13, 1992 incident. Following unsuccessful motions to suppress physical evidence and statements defendant made to police officers following his arrest, the matter came on for trial. During jury selection, defendant entered into a plea bargain, under the terms of which he entered a plea of guilty to a reduced charge of criminal possession of a controlled substance in the second degree in full satisfaction of the indictment and waived his right to appeal, including his right to appeal the denial of his suppression motions, with the express understanding that he would be sentenced to a prison term of eight years to life. Subsequently, although expressly acquiescing in his plea and the negotiated sentence, defendant moved to vacate the waiver of appeal upon the ground that there had been numerous violations of his constitutional rights that he should be permitted to raise on appeal. County Court denied the motion. Sentenced in accordance with the plea bargain, defendant now appeals.

We affirm. It is now well-settled law that the People may, as a condition of a plea bargain, validly require a defendant to waive his right to appeal so long as the waiver is knowingly, voluntarily and intelligently made (see, People v Seaberg, 74 NY2d 1, 10-11). Our review of the plea minutes establishes that defendant clearly understood that he was waiving his right to appeal, including his right to challenge the denial of his suppression motions, as a condition of the negotiated plea and that he willingly accepted all of the terms of the plea bargain. That being the case, defendant's waiver of his right to appeal will be enforced, precluding our consideration of his challenge to the denial of his suppression motions (see, People v Fiumefreddo, 82 NY2d 536; People v Betancur, 203 AD2d 714, lv denied 83 NY2d 964; People v Antonio, 176 AD2d 528, lv denied 79 NY2d 824; People v Cornielle, 176 AD2d 190, lv denied 79 NY2d 855).

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.