■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ENOS LEWIS, Appellant. [620 NYS2d 278] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered August 5, 1992, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was denied effective assistance of counsel is without merit. "[W]hen reviewing a claim of ineffective assistance of counsel, care should be taken 'to avoid both confusing true ineffectiveness [of counsel] with mere losing tactics and *according undue significance to retrospective analysis' ([People v Baldi,* 54 NY2d 137], at 146 [emphasis added])" *(People v Flores,* 84 NY2d 184, 186-187). At the trial, the defense counsel pursued a reasonable strategy in attempting to gain an acquittal on both murder counts in a case where the evidence of the defendant's guilt was overwhelming and, in fact, succeeded with respect to the intentional murder charge. That his success was only partial cannot be equated with true ineffectiveness *(see, People v Cesario,* 157 AD2d 795). We conclude that the evidence presented at the trial, the law, and the circumstances of this case, when viewed in totality and as of the time of the representation,

reveal that the defendant was provided with meaningful representation *(see, People v Satterfield,* 66 NY2d 796; *People v Baldi,* 54 NY2d 137, 147, *supra).*

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). Lawrence, J. P., Santucci, Altman and Goldstein, JJ., concur.