■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUY NEWGENT, Appellant. [628 NYS2d 789] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cowhey, J.), rendered June 2, 1992, convicting him of burglary in the first degree (two counts), criminal possession of a weapon in the third degree, assault in the third degree, aggravated harassment in the second degree (two counts), criminal mischief in the fourth degree, menacing, and harassment (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant stands convicted of the assault of his former girlfriend, two counts of burglary in the first degree, and other crimes stemming from the same incident.

The defendant, after an argument with the victim over the telephone, began banging on the front door of her sister's apartment. After being refused entry by the victim, the defendant managed to break into the apartment and assault her.

On appeal, the defendant contends that his guilt was not proven beyond a reasonable doubt because the People failed to establish that he unlawfully entered the apartment of the victim. However, the defendant has failed to preserve this contention for appellate review (see, CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245, 250).

In any event, viewing the evidence in the light most favorable to the prosecution (see, *People v Contes,* 60 NY2d 620), we find that the proof at trial of the defendant's unlawful entry was legally sufficient to establish the defendant's guilt of burglary in the first degree beyond a reasonable doubt. A defendant may be found guilty of the crime of burglary in the first degree, when he, *inter alia,* "knowingly enters or remains unlawfully in a dwelling" (Penal Law § 140.30). The phrase "[e]nter[s] or remains unlawfully" is defined in the Penal Law as follows (Penal Law § 140.00 [5]): "A person 'enters or remains unlawfully' in or upon premises when he is not licensed or privileged to do so".

The uncontroverted evidence adduced at trial established that the defendant had been told by both the victim and her sister that he was not permitted to enter the apartment unless the victim's sister was home. Upon refusing the defendant entry on this occasion, the victim repeated that the defendant could not enter since her sister was not home. In addition, the victim testified that the defendant told her that he used a credit card to slip open the lock to gain entry. There was sufficient evidence that the defendant did not have permission to enter the apartment, thus making the defendant's entry unlawful.

Contrary to the defendant's contention, he was not denied the effective assistance of counsel (see, *People v Eason,* 160 AD2d 1018). The trial counsel made various motions before and during the course of the trial. In addition, she attempted to discredit the victim through incisive cross-examination and by presenting the testimony of several defense witnesses. Upon review of the record, we find no indicia of ineffective assistance on the part of counsel (see, *People v Shuler,* 149 AD2d 634).

Moreover, the sentence imposed was neither harsh nor excessive (see, *People v Suitte,* 90 AD2d 80). Miller, J. P., Thompson, Friedmann and Florio, JJ., concur.