■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGG STEVEN, Appellant. [630 NYS2d 363] —Appeal by the de-

fendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered March 2, 1994, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his conviction should be reversed because of certain of the prosecutor's summation comments is unpreserved for appellate review. Defense counsel neither requested curative instructions nor moved for a mistrial on the basis of the remarks *(see, People v Medina,* 53 NY2d 951, 952). In any event, the trial court averted any potential prejudice by promptly instructing the jury that the burden of proving the defendant's guilt remained on the People *(see, People v Berg,* 59 NY2d 294, 299-300; *People v Contreras,* 194 AD2d 685, 686). The remaining challenged comments were either proper response to the defense counsel's summation or proper comment on the evidence *(see, People v Galloway,* 54 NY2d 396, 401; *People v Ashwal,* 39 NY2d 105, 109-110).

In addition, the Supreme Court properly sentenced the defendant as a second felony offender. The People have the burden of proving the prior felony beyond a reasonable doubt *(see,* CPL 400.21 [7] [a]). Once the prior felony is established, as here, the burden shifts to the defendant to prove that the conviction was invalid *(see, People v Harris,* 61 NY2d 9, 15; *People v Boomer,* 187 AD2d 659, 661; *People v Fox,* 117 AD2d 818, 819). The defendant did not present any evidence to support his allegation that his prior plea was obtained in violation of his constitutional rights. Accordingly, the defendant was properly adjudicated a second felony offender. Balletta, J. P., Coppertino, Pizzuto and Krausman, JJ., concur.