■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY SCOTT, Appellant. [636 NYS2d 432] —Mercure, J. Appeal from a judgment of the County Court of Sullivan County (Kane, J.), rendered May 2, 1994, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

Three days prior to the commencement of trial of an indictment charging defendant with criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the fourth degree and four additional charges, defendant was permitted to dispose of the entire indictment with a plea of guilty to a single count of criminal possession of a controlled substance in the second degree. The plea was to be entered with the express understanding that defendant would receive the minimum legally permissible sentence, a prison term of three years to life, and accepted only upon condition that defendant waive his right to appeal. Having entered the plea, made a waiver of his right to appeal and received the sentence provided for in the plea bargain, defendant now appeals, contending that County Court erred in denying his motion to suppress evidence obtained as the result of an allegedly illegal stop and search of his vehicle.

We agree with the People that defendant's waiver of his right to appeal was knowingly, voluntarily and intelligently made and should be enforced (*see, People v Williams*, 36 NY2d

829, 830, *cert denied* 423 US 873; *People v Dixon*, 210 AD2d 532, 533). In our view, County Court's statement on the record that defendant was waiving all of his appeal rights except those constitutional issues that survive a waiver of a right to appeal under *People v Seaberg* (74 NY2d 1) neither preserved defendant's right to appeal the denial of his suppression motion (*see*, CPL 710.70 [2]) nor gave defendant any reason to believe that he was not waiving such right (*see*, *People v Williams, supra*, at 830).

Cardona, P. J., White, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed.