■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CYNTHIA COLLIER, Appellant. [641 NYS2d 181] —Mercure, J. Appeal from a judgment of the County Court of Sullivan County (Kane, J.), rendered May 2, 1994, convicting defendant upon her plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

Shortly before the commencement of a trial on an indictment charging defendant with criminal possession of a controlled substance in the first degree and two other counts, defendant pleaded guilty to a reduced charge of criminal possession of a controlled substance in the second degree in satisfaction of the entire indictment. The plea was entered with the express understanding that defendant would receive the shortest legally permissible sentence, a prison term of six years to life, and accepted only upon condition that defendant waive her right to appeal. Having been sentenced pursuant to the plea bargain, defendant now appeals, contending that County Court erred in denying her motion to suppress evidence obtained as the result of an allegedly illegal stop and search of the vehicle in which she was a passenger.

The record provides no basis for a finding that defendant's waiver of her right to appeal was not knowingly and intelligently made (*see, People v Scott*, 222 AD2d 958) and we are not persuaded that a defendant's right to appeal the denial of a motion to suppress tangible evidence will survive a valid waiver of appeal (*see, People v Seaberg*, 74 NY2d 1, 7; *People v Williams*, 36 NY2d 829, *cert denied* 423 US 873; *People v Scott, supra*). Under the circumstances, the waiver of defendant's right to appeal will be enforced.

Cardona, P. J., White, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed.