■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID CAMPBELL, Appellant. [646 NYS2d 129]

We reject the defendant's contention that his conviction should be reversed because the prosecutor made a reference to an uncharged crime in his opening statement. The prosecutor neither disclosed the nature of the uncharged crime nor revealed any of its underlying details. Moreover, in its charge to the jury, the court explained that the attorneys' opening statements were not considered evidence upon which a determination could be based (*see, People v Hopkins,* 58 NY2d 1079, 1083). Although we agree with the defendant's related argument that the trial court improperly admitted police testimony that one of the officers from the Robbery Identification Unit had been asked "to help out * * * apprehending two suspects", one of whom was identified as the defendant, this error was harmless in light of the overwhelming evidence of the defendant's guilt (*see, People v Ayala,* 75 NY2d 422, 431; *People v Crimmins,* 36 NY2d 230, 241-242).

We also find unpersuasive the defendant's argument that he is entitled to a new trial due to the prosecutor's summation. While the prosecutor improperly argued that the police were looking to "arrest this defendant * * * on a murder case", the defense counsel's objection to the comment was sustained, and, although no request for curative instructions was made, the court averted any potential prejudice by promptly clarifying the misstatement (*see, People v Contreras,* 194 AD2d 685, 686). Since the defense counsel neither raised an objection to the court's prompt clarification nor requested further or more complete action, the court "must be deemed to have corrected the error to the defendant's satisfaction" (*People v Jones,* 77 AD2d 913, quoting *People v Williams,* 46 NY2d 1070, 1071; *see also, People v Santiago,* 52 NY2d 865, 866). Finally, the challenged comments made by the prosecutor concerning the credibility of the police officers were a fair response to the defense counsel's own summation, in which he suggested the possibility that the police fabricated the case against the defendant to justify their shooting at his car, and stated that the police account of the events "either represents simple confusion, or out and out lying" (*see, People v Arce,* 42 NY2d 179; *People v Mason,* 170 AD2d 464).

The defendant's remaining contentions are unpreserved for appellate review (*see,* CPL 470.05) and, in any event, without merit. Miller, J. P., Pizzuto, Santucci and Hart, JJ., concur.