■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REJEANNA COLLIER, Appellant. [649 NYS2d 497] —Mercure, J. Appeal from a judgment of the County Court of Sullivan County (Kane, J.), rendered May 2, 1994, convicting defendant upon her plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

Defendant pleaded guilty to criminal possession of a controlled substance in the second degree in satisfaction of an indictment charging her with criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the seventh degree and endangering the welfare of a child. The plea was entered with the express understanding that defendant would receive a prison term of six years to life if sentenced as a second felony offender or three years to life if not sentenced as a second felony offender, and accepted only upon the condition that defendant waive her right to appeal. Having entered the plea and waived her right to appeal, defendant was sentenced as a second felony offender to six years to life. Defendant now appeals contending that County Court erred in denying her motion to suppress evidence obtained as the result of an allegedly illegal stop and search of the vehicle in which she was a passenger and in adjudicating her as a second felony offender. We affirm.

In our view, defendant knowingly, voluntarily and intelligently waived her right to appeal (see, *People v Collier*, 226 AD2d 923, *lv denied* 88 NY2d 935; *People v Scott*, 222 AD2d 958, *lv denied* 87 NY2d 1025; see also, *People v Williams*, 36 NY2d 829, 830, *cert denied* 423 US 873). County Court's statement on the record that defendant was waiving all her appellate rights except those constitutional issues that survive such a waiver under the principles enunciated in *People v Seaberg* (74 NY2d 1) neither preserved defendant's right to appeal the denial of her suppression motion (see, CPL 710.70 [2]; see also, *People v Dixon*, 210 AD2d 532) nor gave her any reason to believe that she was not in fact waiving such right (see, *People v Williams, supra*, at 830; *People v Scott, supra*). Under these circumstances, the waiver of defendant's right to appeal the denial of her suppression motion will be enforced.

As a final matter, in the absence of any substantiation that defendant's prior felony conviction was unconstitutionally

obtained (*see*, CPL 400.21 [7] [a], [b]), her sentence as a second felony offender was appropriate (*see*, *People v Robare*, 226 AD2d 832; *People v Stevens*, 218 AD2d 678, *lv denied* 87 NY2d 908).

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.