■ In the Matter of STEPHONE M.H., a Person Alleged to be a Juvenile Delinquent, Appellant. [782 NYS2d 786]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Orange County (Kiedaisch, J.), entered May 20, 2003, which, upon a fact-finding order of the same court dated March 24, 2003, made upon the appellant's admission, finding that he had committed acts which, if committed by an adult, would have constituted the crime of burglary in the second degree, adjudged him to be a juvenile delinquent and placed him with the New York State Office of Children and Family Services for a period of 18 months. The appeal brings up for review the fact-finding order dated March 24, 2003.

Ordered that the order of disposition is affirmed, without costs or disbursements.

We disagree with the appellant's contention that his placement should have been less restrictive. The Family Court has broad discretion in entering dispositional orders (*see Matter of Naiquan T.,* 265 AD2d 331 [1999]; *Matter of Tristan W.,* 258 AD2d 585 [1999]; Family Ct Act § 141). Great deference is given to the Family Court's determinations because it had the opportunity to view the witnesses, hear their testimony, and observe their demeanor (*see Matter of Severn J.,* 250 AD2d 682 [1998]). Moreover, it is well settled that " '[t]he least restrictive alternative test does not require the court to actually try the lowest form of intervention, have it fail, and then try each succeeding level of intervention before ordering . . . placement' " (*Matter of Tristan W., supra* at 586, quoting *Matter of Anthony M.,* 142 AD2d 731, 732 [1988]; *see Matter of Jamil W.,* 184 AD2d 513, 514 [1992]). The Family Court's decision with respect to the disposition demonstrated that it carefully considered the less restrictive alternatives to the appellant's placement and properly balanced the needs of the juvenile and the need for the protection of the community (*see* Family Ct Act § 352.2 [2]). Accordingly, the Family Court providently exercised its discretion.

Moreover, the appellant received meaningful representation (*see People v Baldi,* 54 NY2d 137 [1981]). The failure to call an independent expert was a trial tactic that should not be second-guessed (*see People v Foust,* 192 AD2d 718 [1993]; *People v Diaz,* 131 AD2d 775, 776 [1987]). The appellant's contentions regarding what the expert would have testified about are sheer speculation. Santucci, J.P., Luciano, Schmidt and Skelos, JJ., concur.