■ In the Matter of STACY S., Appellant. MONROE COUNTY ATTORNEY, Respondent. [793 NYS2d 842]—

Appeal from an order of the Family Court, Monroe County (Joan S. Kohout, J.), entered July 29, 2004 in a proceeding pursuant to Family Court Act article 3. The order placed respondent in the custody of the New York State Office of Children and Family Services for a period of 12 months.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent was adjudicated a juvenile delinquent upon a finding that he committed an act that, if committed by an adult, would constitute the crime of attempted grand larceny in the fourth degree (Penal Law §§ 110.00, 155.30 [5]). Respondent was placed on probation for a period of 24 months. Shortly thereafter, respondent was charged with violating the terms and conditions of his probation. Following a dispositional hearing, Family Court placed respondent in the custody of the New York State Office of Children and Family Services (OCFS), for placement in a limited secure facility (*see* Family Ct Act § 353.3 [3] [b]).

We reject the contention of respondent that the court failed to consider the "least restrictive available alternative" in placing him in a limited secure facility (Family Ct Act § 352.2 [2] [a]). The court has broad discretion in determining the appropriate disposition in juvenile delinquency cases (*see Matter of Stephone M.H.*, 11 AD3d 464, 465 [2004]). "In determining an appropriate order [of disposition] the court shall consider the needs and best interests of the respondent as well as the need for protection of the community" (Family Ct Act § 352.2 [2] [a]). Here, the record establishes that the court properly ordered "the least restrictive available alternative . . . which is consistent with the needs and best interests of the respondent and the need for protection of the community" (*id.*). With respect to respondent's needs and best interests, the hearing testimony establishes that OCFS would provide respondent with counseling, as well as educational and psychological assistance. With respect to the need for community protection, the record establishes that respondent has a history of violent and unlawful behavior. A professional in the child services field testified that not all nonsecure facilities are equal and that respondent needed "a very strict environment"; "has the propensity to be a follower"; "has the ability to know right from wrong" but doesn't follow through; and needed "behavior modification programming to get him to understand that just because you . . . get away with inappropriate behaviors" it was not the path to take. Although the Law Guardian referred respondent to a nonsecure facility and that facility accepted respondent, "[t]he least restrictive alternative test does not require the court to actually try the lowest form of intervention, have it fail, and then try each succeeding level of intervention before ordering . . . placement" (*Stephone M.H.*, 11 AD3d at 465 [internal quotation marks omitted]; *see also Matter of Tristan W.*, 258 AD2d 585, 586 [1999]). Thus, we conclude that the disposition ordered by the court does not constitute an abuse of discretion (*see Matter of Shawn V.*, 195 AD2d 796 [1993]; *Matter of Todd B.* [appeal No. 2], 190

AD2d 1035, 1036 [1993]). Present—Pigott, Jr., P.J., Green, Kehoe, Martoche and Hayes, JJ.