THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY DANIELS, Appellant. [826 NYS2d 369]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hinrichs, J.), rendered October 25, 2004, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the defendant received meaningful representation throughout the course of the proceedings (*see People v Benevento*, 91 NY2d 708, 711-714 [1998]; *People v Satterfield*, 66 NY2d 796, 798-799 [1985]; *People v Baldi*, 54 NY2d 137, 147 [1981]). As there were no colorable grounds to challenge the propriety of the defendant's arrest or seizure of tangible evidence, the defendant failed to establish that defense counsel's initial failure to obtain a pretrial *Mapp* hearing (*Mapp v Ohio*, 367 US 643 [1961]) demonstrated ineffective assistance of counsel (*see People v Montana*, 71 NY2d 705, 708-709 [1988]; *People v Wells*, 187 AD2d 745 [1992]). In any event, the court subsequently conducted all requested hearings, during which defense counsel delivered adequate cross-examinations and arguments. In addition, defense counsel's performance was not rendered ineffective solely because he failed to hire an independent expert to analyze a recovered palm print. As counsel delivered effective cross-examinations and arguments to mitigate the weight to be given to the recovered print and to develop the possibility that the print was left there casually rather than during a crime, such trial tactics should not be second-guessed (*see Matter of Stephone M.H.*, 11 AD3d 464 [2004]; *People v Foust*, 192 AD2d 718 [1993]; *People v Diaz*, 131 AD2d 775, 776 [1987]). Moreover, at trial, defense counsel presented a clear and cogent opening and summation, conducted adequate cross-examination of the prosecution's witnesses, and secured the defendant an acquittal on the count of criminal possession of stolen property in the fourth degree. Under these circumstances, the defendant failed to satisfy his burden that he was denied the effective assistance of counsel (*see People v Hobot*, 84 NY2d 1021, 1022 [1995]; *People v Baldi*, 54 NY2d at 147; *People v Ray*, 224 AD2d 722 [1996]).

The defendant's contention that the evidence against him was legally insufficient to establish his guilt of criminal possession of a weapon in the second degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Cooper*, 86 NY2d 10, 20 [1995]). In any event, the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt of this offense and murder in the second degree (*see People v*

*Contes*, 60 NY2d 620, 621 [1983]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The County Court providently exercised its discretion in admitting a photograph of the deceased into evidence. The photograph, which depicted a small gunshot wound in the victim's neck without any blood, was not excessively gruesome (*see People v Bell*, 63 NY2d 796, 797 [1984]; *People v Crews*, 162 AD2d 462 [1990]). Moreover, the photograph was not calculated to arouse the emotions of the jury and to prejudice the defendant (*see People v Pobliner*, 32 NY2d 356, 369 [1973], *cert denied* 416 US 905 [1974]). Rather, it illustrated and elucidated the testimony of the medical examiner who performed the autopsy, and corroborated the location of the gunshot wound (*see People v Allah*, 13 AD3d 639 [2004]; *People v DeBerry*, 234 AD2d 470 [1996]), and it was relevant to the prosecution's theory of how the shooting occurred (*see People v Pobliner*, 32 NY2d at 369-370; *People v Durkin*, 303 AD2d 596, 597 [2003]). In any event, in light of the overwhelming evidence of the defendant's guilt, any error with respect to the admission of the photograph was harmless (*see People v Stevens*, 76 NY2d 833, 835 [1990]; *People v Crimmins*, 36 NY2d 230, 240-242 [1975]; *People v Flores*, 5 AD3d 502, 502-503 [2004]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Schmidt, J.P., Adams, Santucci and Lifson, JJ., concur.