Appeal by the defendant from a judgment of the County Court, Nassau County (LaPera, J), rendered January 30, 2004, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s contention that he was denied the effective assistance of counsel is without merit. “[W]hen reviewing claims of ineffective assistance of counsel, care must be taken to avoid confusing true ineffectiveness with mere losing tactics. The performance of counsel must be viewed without the benefit of hindsight, and if counsel provided meaningful representation in the context of the evidence, the law, and the circumstances of the particular case, the constitutional requirement will have been met” (People v Butler, 143 AD2d 140, 140-141 [1988]; see People v Satterfield, 66 NY2d 796, 798-799 [1985]; People v Baldi, 54 NY2d 137, 147 [1981]). “[I]t is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations for counsel’s alleged shortcomings ... As long as the defense reflects a reasonable and legitimate strategy under the circumstances and evidence presented, even if unsuccessful, it will not fall to the level of ineffective assistance” (People v Benevento, 91 NY2d 708, 712-713 [1998] [internal quotation marks omitted]). Here, defense counsel presented a reasonable strategy under the circumstances, delivered coherent opening and closing statements consistent with the defense theory, and effectively cross-examined the prosecution’s witnesses in accordance with that theory. Under the circumstances, we find that the defendant was afforded meaningful representation (see People v Satterfield, 66 NY2d at 799-800; People v Cesario, 157 AD2d 795, 796 [1990]).
The defendant’s remaining contention is unpreserved for appellate review. Fisher, J.E, Balkin, McCarthy and Leventhal, JJ., concur.