■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE SWEEPER, Appellant. [897 NYS2d 41]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J., at hearing; William A. Wetzel, J., at jury trial and sentence), rendered August 4, 2008, convicting defendant of robbery in the first degree and petit larceny, and sentencing him, as a persistent violent felony offender, to an aggregate term of 20 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility. The credible evidence established that defendant displayed what appeared to be a firearm.

The court's excusal of a prospective juror was, in essence, a sua sponte excusal for cause. This determination was a proper exercise of discretion that was supported by the panelist's responses, viewed as a whole (*see People v Velez*, 223 AD2d 414 [1996], *lv denied* 88 NY2d 855 [1996]).

The court properly denied defendant's application pursuant to *Batson v Kentucky* (476 US 79 [1986]). Since defendant did not produce evidence sufficient to permit the court to draw an inference of discrimination (*see Johnson v California,* 545 US 162, 170 [2005]), he did not establish a prima facie case. Even though a prima facie showing "may be made based on the peremptory challenge of a single juror that gives rise to an inference of discrimination" (*People v Smocum,* 99 NY2d 418, 422 [2003]), and while the use of peremptories to exclude all or nearly all the members of a cognizable group normally raises such an inference (*see e.g. People v Hawthorne,* 80 NY2d 873 [1992]), here the numbers were too small, absent any other evidence, to infer discrimination rather than happenstance (*see e.g. People v McCloud,* 50 AD3d 379 [2008], *lv denied* 11 NY3d 738 [2008]; *People v Contreras,* 194 AD2d 685 [1993], *lv denied* 82 NY2d 716 [1993]; *compare Miller-El v Cockrell,* 537 US 322, 342 [2003]). Indeed, it was defense counsel who observed, "We have a very small pool of African-American females on the [panel], so I don't know if I can say there is a pattern."

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters outside the record (*see People v Rivera,* 71 NY2d 705, 709 [1988]; *People v Love,* 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento,* 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington,* 466 US 668 [1984]).

We have considered and rejected defendant's pro se suppression claims. Concur—Andrias, J.P., Nardelli, Catterson, DeGrasse and Manzanet-Daniels, JJ.