■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME MCDONALD, Appellant. [911 NYS2d 908]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Roman, J.), rendered May 14, 2004, convicting him of attempted robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was deprived of a fair trial by certain remarks made by the prosecutor during summation is without merit. Most of the challenged remarks were responsive to defense counsel's summation (*see People v Halm*, 81 NY2d 819, 821 [1993]; *People v Williams*, 52 AD3d 851 [2008]; *People v Barnes*, 33 AD3d 811 [2006]; *People v Farrell*, 228 AD2d 693 [1996]; *People v Campbell*, 228 AD2d 689 [1996]; *People v Jefferson*, 136 AD2d 655, 657 [1988]). Although some of the comments made reference to matters outside the "four corners of the evidence" (*People v Ashwal*, 39 NY2d 105, 109 [1976]), any prejudice that may have resulted therefrom was alleviated when the trial court sustained the defendant's objections and provided curative instructions to the jury (*see People v Wiggins*, 31 AD3d 584 [2006]; *People v Williams*, 14 AD3d 519 [2005]). Moreover, although some of the challenged remarks improperly denigrated defense counsel (*see People v Gordon*, 50 AD3d 821, 822 [2008]; *People v Pagan*, 2 AD3d 879, 880 [2003]; *People v Ortiz*, 125 AD2d 502, 503 [1986]; *People v Torres*, 111 AD2d 885 [1985]), they did not deprive the defendant of a fair trial.

Furthermore, contrary to the defendant's contention, defense counsel's performance was not rendered ineffective because she failed to retain and call an expert witness on the topic of eyewitness identifications. Under the circumstances of this case, counsel's decision to attack the reliability of the eyewitness identification through cross-examination was a legitimate trial tactic which should not be second-guessed (*see People v Daniels*, 35 AD3d 495, 496 [2006]; *People v Baston*, 181 AD2d 786, 787 [1992]; *People v Diaz*, 131 AD2d 775 [1987]; *cf. Matter of Stephone M.H.*, 11 AD3d 464, 465 [2004]).

The defendant's remaining contention does not require reversal. Prudenti, P.J., Dillon, Balkin and Chambers, JJ., concur.