People v Caldavado (2018 NY Slip Op 07743)





People v Caldavado


2018 NY Slip Op 07743


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
COLLEEN D. DUFFY, JJ.


2017-05897
 (Ind. No. 1251/06)

[*1]The People of the State of New York, respondent,
v
Alma Caldavado, appellant.


Mark M. Baker, New York, NY, for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (Robert J. Masters, Joseph N. Ferdenzi, and John M. Castellano of counsel), for respondent.
Dana M. Delger and M. Chris Fabricant (Fried, Frank, Harris, Shriver & Jacobson LLP, New York, NY [Douglas W. Baruch and Michael P. Sternheim], of counsel), for amicus curiae The Innocence Network.



DECISION & ORDER
Appeal by the defendant, by permission, from an order of the Supreme Court, Queens County (Richard L. Buchter, J.), dated May 25, 2017, which, after a hearing, denied her motion pursuant to CPL 440.10 to vacate a judgment of the same court (Robert McGann, J.), rendered April 1, 2009, convicting her of assault in the first degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the order is affirmed.
In the early afternoon of January 11, 2006, a seven-month-old infant was left at the defendant's home while the infant's parents went to work. At approximately 5:00 p.m., the infant was transported to St. John's Hospital in Queens and diagnosed as suffering from shaken baby syndrome. The defendant was charged with assault in the first degree and endangering the welfare
of a child. At trial, the People called 13 medical professionals in support of their case, 9 of whom testified as expert witnesses. Trial counsel for the defendant did not call a medical expert. Instead, trial counsel obtained the written report of a medical expert before the trial and retained a pediatric neurologist as a consulting expert, whom he consulted as issues arose during trial. During cross-examination of the People's witnesses, trial counsel elicited testimony that supported the defendant's theory of the case that the infant sustained injuries prior to being left at the defendant's home. The jury found the defendant guilty of both charges, and this Court affirmed the judgment of conviction (see People v Caldavado, 78 AD3d 962). Thereafter, the defendant moved pursuant to CPL 440.10(1) to vacate the judgment, as is relevant here, on the ground of ineffective assistance of trial counsel. The Supreme Court denied the motion to vacate, without conducting an evidentiary hearing, and this Court affirmed (see People v Caldavado, 116 AD3d 877). The Court of Appeals reversed, determining that a hearing was necessary to resolve the defendant's claim that she received ineffective assistance of counsel (see People v Caldavado, 26 NY3d 1034, 1036-1037).
After the hearing, the Supreme Court denied the defendant's motion, determining that [*2]trial counsel's decision not to call an expert was a strategic one and that trial counsel was not ineffective. The defendant appeals, and we affirm.
In Strickland v Washington (466 US 668), the United States Supreme Court adopted a two-part test for evaluating claims of ineffective assistance of counsel. A "defendant must show that counsel's performance was deficient," and "that the deficient performance prejudiced the defense" (id. at 687). "The first prong of the Strickland test is essentially a restatement of attorney competence, which requires a showing that counsel's representation fell below an objective standard of reasonableness. The second prong, also known as the prejudice prong, focuses on whether" (People v McDonald, 1 NY3d 109, 113-114 [citation and internal quotation marks omitted]) " there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different'" (People v Pagan, 155 AD3d 779, 781, quoting Strickland v Washington, 466 US at 694).
To establish a claim of ineffective assistance of counsel under the New York Constitution, a defendant must show that he or she was not afforded "meaningful representation" based upon "the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation" (People v Baldi, 54 NY2d 137, 147). "Our cases, however, agree with Strickland on the first prong" in that " counsel's efforts should not be second-guessed with the clarity of hindsight'" and the defendant is not entitled to perfect representation (People v Turner, 5 NY3d 476, 480, quoting People v Benevento, 91 NY2d 708, 712).
Generally, whether to call an expert is a tactical decision (see People v McDonald, 79 AD3d 771; People v Daniels, 35 AD3d 495, 496; People v Foust, 192 AD2d 718; People v Baston, 181 AD2d 786, 787; People v Diaz, 131 AD2d 775, 775). In many instances, cross-examination of the People's expert will be sufficient to expose defects in an expert's presentation (see Harrington v Richter, 562 US 86, 111). "As long as the defense reflects a reasonable and legitimate strategy under the circumstances and evidence presented, even if unsuccessful, it will not fall to the level of ineffective assistance" (People v Benevento, 91 NY2d at 712-13).
Here, we agree with the Supreme Court's determination that trial counsel provided meaningful representation notwithstanding his decision not to call an expert witness to counter the People's medical evidence. The record shows that trial counsel made efforts to investigate the medical issues in this case. He effectively cross-examined the People's witnesses, including the experts, and elicited testimony that was damaging to the People's case. The fact that the defense did not call its own expert witnesses was the result of trial counsel's legal strategy that the best way to defend this case was through impeachment of the People's witnesses. Under the particular circumstances of this case, trial counsel provided effective representation (see Harrington v Richter, 562 US at 111; People v Aiken, 45 NY2d 394, 400), and we agree with the court's determination to deny the defendant's CPL 440.10 motion.
DILLON, J.P., LEVENTHAL, ROMAN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court