■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HANTZ LEMAIRE, Appellant.—Appeal by the defendant from a

judgment of the Supreme Court, Kings County (Aiello, J.), rendered March 7, 1990, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction arose out of the stabbing death of Jerome Munn after Munn and the codefendant Keith Cofield became involved in an argument. The defendant presented a justification defense, claiming that Munn came at him with a piece of a broken beer bottle in his hand. However, two eyewitnesses testified that they did not see the victim holding a broken bottle.

The defendant's claim that the evidence was legally insufficient to disprove the defense of justification is unpreserved for appellate review (see, People v Bynum, 70 NY2d 858; People v Udzinski, 146 AD2d 245, 250). In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), the record establishes that the defense of justification was disproved beyond a reasonable doubt (see, People v Desmond, 125 AD2d 585). The People presented the testimony of two witnesses who indicated that the deceased did not have a weapon in his hand. Therefore the jury could have concluded that the defendant did not reasonably believe that the deceased was about to use deadly physical force against him and, consequently, that there was no justifiable basis for the defendant's resort to deadly physical force (see, People v Sykes, 178 AD2d 501; People v Goetz, 68 NY2d 96, 106-107). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). While the defendant contends that the testimony of a prosecution witness was incredible, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 96). The jury's determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88).

Furthermore, the defendant's sentence was not excessive (see, People v Suitte, 90 AD2d 80). Lawrence, J. P., Eiber, O'Brien and Copertino, JJ., concur.