■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAHITIMA BAA, Also Known as MICHAEL BAA, Appellant.— Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered January 17, 1991, convicting him of manslaughter in the first degree, reckless

endangerment in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction arose out of the shooting death of James Baker after Baker had become involved in an altercation with an unidentified male Baker left the scene and returned several minutes later with a baseball bat. Baker and the defendant began arguing and the defendant backed up and shot Baker. The defendant fired several more shots after Baker began to run away. Upon trial, the defendant presented a justification defense, claiming that he feared Baker would hit him with the bat.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it establishes that the defense of justification was disproved beyond a reasonable doubt *(see, People v Desmond,* 125 AD2d 585). An eyewitness testified that although the victim had a bat in his hand, he never swung it at the defendant and pulled the bat back after the defendant took out a gun. Therefore, the jury could have concluded that the defendant did not reasonably believe that the deceased was about to use deadly physical force against him and, consequently, that there was no justifiable basis for the defendant's resort to deadly physical force *(see, People v Sykes,* 178 AD2d 501; *People v Goetz,* 68 NY2d 96, 106-107). Further, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant also contends that he was denied a fair trial because the prosecutor referred to a witness in his opening statement who did not testify at trial, and the witness was referred to again during the testimony of the arresting officer. This claim is unpreserved for appellate review as the defendant failed to object during the officer's testimony and failed to move for a mistrial on that specific ground at the close of the People's case *(see, People v Rizzo,* 175 AD2d 221; *People v Fleming,* 70 NY2d 947; *People v De Tore,* 34 NY2d 199, *cert denied* 419 US 1025).

Finally, we find that the sentencing court properly denied the defendant youthful offender status and that the sentence imposed was not excessive *(see, People v Malave,* 179 AD2d 419; *People v Suitte,* 90 AD2d 80). Balletta, J. P., Eiber, O'Brien and Santucci, JJ., concur.