■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY MITCHEM, Appellant. [600 NYS2d 528] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a

judgment convicting him of criminal sale of a controlled substance in the second degree and two counts of criminal possession of a controlled substance in the third degree. The charges arose on August 30, 1990, out of the sale of cocaine to an undercover officer by Alphonse Napoli at 255 Furlong Street in Rochester. On that occasion, according to the officer's testimony, while the officer waited in the living room, defendant arrived in a gray Chevrolet driven by codefendant Lori Flemming. The officer observed defendant walk onto the front porch and hand Napoli a small, brown paper bag. Defendant then entered the house and remained on the premises until the sale was consummated. Napoli sold the contents of the bag to the officer for $1,100. The bag contained approximately one ounce of cocaine.

The conviction is supported by sufficient evidence and is not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490). The jury could have concluded from the circumstances, including defendant's possession of the bag, that defendant knew that the bag contained cocaine (see, People v Reisman, 29 NY2d 278, 285, cert denied 405 US 1041; People v Baris, 161 AD2d 1144, lv denied 76 NY2d 852). "Under all of the circumstances, the trier of fact reasonably could infer defendant's knowledge of and participation in the drug transaction" (People v Dordal, 55 NY2d 954, 956; see also, People v Yepes, 163 AD2d 19, 20, lv denied 76 NY2d 868).

The prosecutor's comments on summation, for the most part, "fell within the latitude afforded to attorneys in advocating their cause" (People v Halm, 81 NY2d 819, 821), and any improper remarks were not objected to, nor were they part of a pervasive pattern of misconduct (cf., People v Rubin, 101 AD2d 71, 77-78).

The court properly charged the jury that, after consideration of all of the evidence, they "may presume or infer" from defendant's possession of a narcotic drug that his possession was knowing (see, People v Reisman, supra, at 285). The court clearly instructed the jury that such an inference was a permissive one, which they might draw after considering all of the evidence. Moreover, the court, on numerous occasions, instructed the jury that it was the People's burden to prove defendant's knowledge beyond a reasonable doubt. Defendant's argument concerning the adequacy of the court's charge that evidence against the codefendant could not be considered as evidence against him is unpreserved (CPL

470.05 [2]), and we decline to address it in the interest of justice.

During its deliberations, the jury requested a readback of the officer's testimony about "the August 30th date from the time Larry Mitchem arrived" at 255 Furlong Street "until the time [the officer] left". The court told the foreperson to advise it when "you hear what you want". At the end of the direct examination, the foreperson, by saying "[t]hank you", signaled that the jury had heard enough. The court asked: "Do you want the cross-examination?" The foreperson replied: "No, I don't think that's necessary, Your Honor". Defense counsel registered no objection and the jury resumed deliberations.

Defendant's argument that the court violated CPL 310.30 by not ordering a readback of the cross-examination is not preserved for review as a matter of law (CPL 470.05 [2]). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.— Criminal Sale Controlled Substance, 2nd Degree.) Present— Callahan, J. P., Green, Balio, Fallon and Doerr, JJ.