■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAUN RAMSAY, Appellant. [605 NYS2d 333] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered April 3, 1990, convicting him of murder in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction arose out of the shooting death of Michael McClain on the evening of March 15, 1989, as McClain and two companions were selling crack cocaine on a Brooklyn street corner. At trial, one of McClain's companions that evening testified that the defendant drove up and stopped at a red light. When the light turned green the defendant, without provocation, fired a pistol at the group, none of whom were armed at that time. The defendant presented a justification defense, through his testimony and that of two corroborating witnesses, that the shooting occurred when, as he and his two companions were stopped at a red light in the defendant's vehicle, a group of five or six individuals approached the vehicle, one of whom attempted to rob the defendant at gunpoint *(see,* Penal Law § 35.15 [2] [b]).

The defendant's claim that the prosecution failed to disprove the defense of justification beyond a reasonable doubt is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it disproved the defense of justification beyond a reasonable doubt. Based upon the testimony of the prosecution's eyewitness, the jury could have concluded that the defendant did not reasonably believe that anyone was about to use deadly physical force against him and, consequently, that there was no justifiable basis for the

defendant's resort to deadly physical force *(see, People v Goetz,* 68 NY2d 96, 106-107; *People v Baa,* 189 AD2d 771, 772; *People v Lemaire,* 187 AD2d 532, 533; *People v Sykes,* 178 AD2d 501).

While the defendant contends that the testimony of the prosecution's eyewitness was not believable, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). O'Brien, J. P., Copertino, Pizzuto and Santucci, JJ., concur.