■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AUGUSTUS GRIFFIN, Appellant. [616 NYS2d 628] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered August 6, 1991, convicting him of murder in the second degree, assault in the second degree, reckless endangerment in the first degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in a light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to disprove the defense of justification beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The overwhelming evidence indicates that the decedent, Jeffrey Burley, was unarmed at the time he was shot by the defendant. Moreover, even if, as the defendant claims, Burley were armed, the record clearly indicates that Burley was fleeing from the defendant and headed towards his house at the time he was shot. Therefore, the People disproved the defense of justification beyond a reasonable doubt (see, e.g., People v Ramsay, 199 AD2d 428; People v Lemaire, 187 AD2d 532; People v Mack, 178 AD2d 661).

The trial court did not commit reversible error when it erroneously precluded defense counsel from inquiring into the address of the People's witness. Although the record indicates that the People failed to establish their burden of showing why their witness should have been excused from testifying as to his address (see, People v Stanard, 42 NY2d 74, cert denied 434 US 986; see also, Alford v United States, 282 US 687), such error was harmless beyond a reasonable doubt because defense counsel was able to fully develop his line of questioning on the point (see, People v Stridiron, 33 NY2d 287; see also, Delaware v Van Arsdall, 475 US 673; Chapman v California, 386 US 18).

The defendant's sentence was not excessive (see, People v Suitte, 90 AD2d 80).

The defendant's remaining contentions are unpreserved for appellate review (see, CPL 470.05 [2]; People v DeRosario, 81 NY2d 801; People v Bynum, 70 NY2d 858; People v Mitchem, 195 AD2d 1038) or without merit. Mangano, P. J., Bracken, Santucci and Friedmann, JJ., concur.