■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD REEDER, Appellant. [618 NYS2d 839] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered September 4, 1991, convicting him of manslaughter in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant stands convicted of manslaughter in the first degree for the shooting death of Paul Worthy on January 12, 1990. Although the defendant relied upon an alibi defense at trial, on appeal he contends that the People failed to disprove the defense of justification beyond a reasonable doubt because the victim was the initial aggressor, and threatened him with what appeared to be a gun. However, since the defendant failed to raise these claims in moving to dismiss the indictment at the close of the People's case, they are unpreserved for appellate review *(see, People v McLamb,* 196 AD2d 556; *People v Rivas,* 184 AD2d 794; *People v Cardona,* 136 AD2d 556). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d

620), we find that it was legally sufficient to disprove the defense of justification and establish the defendant's guilt beyond a reasonable doubt. While both eyewitnesses to the shooting testified that the victim reached into his coat pocket in a manner that made it appear as if he was reaching for a gun, one of the witnesses heard the defendant ask the victim, "why were you bluffing?" before opening fire. Accordingly, the jury could have concluded that the defendant did not reasonably believe that the victim was about to use deadly physical force against him and, therefore, that the defendant's resort to deadly physical force was not justified (see, Penal Law § 35.15 [1]; *People v Ramsay*, 199 AD2d 428; *People v Baa*, 189 AD2d 771). Moreover, the testimony further revealed that the defendant, after firing one shot which struck the victim in the shoulder, shot the victim a second time as he was falling, and three more times as he lay immobile on the ground. The jury could have thus concluded that the defendant's actions constituted an excessive use of deadly force, and that it was the excessive portion of the force which caused the victim's death (see, *People v Varela*, 164 AD2d 924, 925; *People v Spencer*, 146 AD2d 817). In addition, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

We reject the defendant's further contention that he was denied his right to effective assistance of counsel. Viewed in totality, the defendant was afforded meaningful representation by his attorney, who made appropriate pretrial motions, pursued a reasonable trial strategy founded upon the presentation of an alibi defense, and effectively cross examined the People's witnesses in furtherance of this strategy (see, *People v Ellis*, 81 NY2d 854; *People v Baldi*, 54 NY2d 137; *People v Donovan*, 184 AD2d 654, 655; *People v Manning*, 178 AD2d 555). Furthermore, while the defendant contends that his attorney was ineffective, because he failed, *inter alia*, to object to the trial court's justification charge, the court's charge adequately conveyed the correct legal standard to the jury (see, *People v Wesley*, 76 NY2d 555; *People v Goetz*, 68 NY2d 96; *People v Noor*, 177 AD2d 517).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Santucci, Krausman and Goldstein, JJ., concur.