■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY SNEED, Appellant. [650 NYS2d 571] —Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered November 12, 1993, convicting him of criminal possession of a weapon in the second degree, assault in the first degree, and assault in the third degree under Indictment No. 1988/93, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, also rendered November 12, 1993, revoking a sentence of probation previously imposed by the same court under Indictment No. 1978/92 (Clabby, J.), upon a finding that he had violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of coercion in the first degree.

Ordered that the judgment and the amended judgment are affirmed.

The defendant's claim that the People failed to disprove the defense of justification beyond a reasonable doubt is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it disproved the defense of justification beyond a reasonable doubt (*see, People v Ramsay,* 199 AD2d 428; *People v Cosby,* 200 AD2d 682, 683).

While the defendant contends that the testimony of the prosecution's witnesses was not believable, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Ramsay, supra; People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Since the defendant's violation of probation was based upon the events resulting in his conviction under Indictment No. 1988/93, his probation was properly revoked and an amended sentence of imprisonment was properly imposed. Santucci, J. P., Joy, Krausman and Florio, JJ., concur.