104 F.3d 355
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Carlos DeLEON, Petitioner-Appellant,
v.
Robert HANSLMAIER, Supt., Respondent-Appellee.
 No. 96-2210.
 United States Court of Appeals, Second Circuit.
 Dec. 17, 1996.
 
 1
 E.D.N.Y.
 
 
 2
 AFFIRMED.
 
 
 3
 Counsel for Petitioner-Appellant: Randall D. Unger, Kew Gardens, New York.
 
 
 4
 Counsel for Respondent-Appellee: Jacqueline M. Linares, Assistant District Attorney, Kings County, New York (Charles J. Hynes, District Attorney; Roseann B. MacKechnie, Assistant District Attorney).
 
 
 5
 PRESENT: OAKES, CALABRESI, Circuit Judges, and S. HAIGHT, JR., District Judge.*
 
 
 6
 UPON CONSIDERATION of this appeal from an order of the United States District Court for the Eastern District of New York (Sifton, C.J.), it is hereby
 
 
 7
 ORDERED, ADJUDGED, AND DECREED that the order be and it hereby is AFFIRMED.
 
 
 8
 Carlos DeLeon appeals from an order of the United States District Court for the Eastern District of New York (Sifton, C.J.), dated January 19, 1996, denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.
 
 
 9
 In July 1982, DeLeon was convicted after a jury trial of first degree manslaughter in violation of N.Y. Penal Law § 125.20, first degree assault in violation of N.Y. Penal Law § 120.10(1), and second degree criminal possession of a weapon in violation of N.Y. Penal Law § 265.03, for killing Paul Aldamuy in an altercation in November 1981, outside of the restaurant where DeLeon worked. DeLeon was sentenced to concurrent terms of eight and one-third to twenty-five years on the manslaughter count and five to fifteen years on both the assault and the weapon possession counts.
 
 
 10
 DeLeon appealed his judgment of conviction to the Appellate Division of the New York Supreme Court, which affirmed DeLeon's conviction in December, 1984. People v. DeLeon, 483 N.Y.S.2d 88 (N.Y.App.Div.1984). He then sought leave to appeal to the New York Court of Appeals, which denied that request in February 1985. People v. DeLeon, 476 N.E.2d 1012 (N.Y.1985). In April 1995, DeLeon applied for a state writ of habeas corpus in the New York Supreme Court, Duchess County. The court treated the motion as a motion to vacate the judgment pursuant to N.Y.Crim. Proc. Law § 440.10(1)(h) and referred it to the Supreme Court, Kings County, which denied the motion because DeLeon had not raised the claim in the petition for a writ of habeas corpus on direct appeal as required by New York law. DeLeon did not appeal the denial of his motion.
 
 
 11
 On May 2, 1986, DeLeon, acting pro se, sought a writ of habeas corpus in the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 2254. In a report and recommendation, the magistrate judge (Francis, J.) recommended that the court dismiss the petition without prejudice on the ground that DeLeon had not exhausted his state remedies as to one of the claims. In an order dated July 23, 1987, the district court (Leisure, J.) adopted the report and recommendation and ordered that the petition be dismissed without prejudice. DeLeon v. Scully, No. 86 CV 6341 (S.D.N.Y. July 23, 1987). The district court and this court both rejected DeLeon's application for a certificate of probable cause to appeal.
 
 
 12
 In October 1994, DeLeon again applied, pro se, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, this time dropping the unexhausted claim and arguing (1) that the prosecutor committed misconduct in his summation, depriving DeLeon of a fair trial; (2) that the prosecution failed to disprove DeLeon's claim of self-defense beyond a reasonable doubt; and (3) that the prosecution improperly impeached one of its own witness, depriving him of due process and a fair trial. The district court denied DeLeon's application on the grounds (1) that DeLeon procedurally defaulted on his prosecutorial misconduct claim; (2) that the jury could reasonably have concluded that the prosecution met its burden of disproving beyond a reasonable doubt DeLeon's assertion that he acted in self-defense when he shot Aldamuy; and (3) that the testimony of the prosecution's witness, which DeLeon claimed the prosecution had improperly impeached, probably did not affect the jury's verdict.
 
 
 13
 DeLeon now appeals the district court's denial of his motion for a writ of habeas corpus. On appeal, DeLeon argues that the prosecution failed to disprove his justification defense beyond a reasonable doubt and that the prosecution denied DeLeon a fair trial by improperly impeaching its own witness. We reject both claims.
 
 
 14
 We review a district court's denial of a petition for a writ of habeas corpus de novo. See Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir.1996). We may only set aside a conviction on habeas review for insufficiency of the evidence if no rational trier of fact could have found that the elements of the crime were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Maldonado, 86 F.3d at 35. Since DeLeon admits to killing Aldamuy, the only contested issue in the case was whether DeLeon's conduct was justified. Under New York law, once the defense of justification is raised, a defendant may not be convicted unless the prosecution disproves the defense beyond a reasonable doubt. N.Y. Penal Law § 25.00(1) (McKinney 1987); People v. McManus, 496 N.E.2d 202, 205 (N.Y.1986). Under New York law, DeLeon was justified in killing Aldamuy only if, at the time of the killing, (1) DeLeon actually possessed a belief that he was in danger of imminent deadly force, (2) a reasonable person would have possessed the same belief, and (3) DeLeon could not retreat with compete safety to himself and others. N.Y. Penal Law § 35.15(2)(a).
 
 
 15
 At trial, DeLeon testified that Aldamuy attacked him, and that he believed that Aldamuy intended to kill him. This testimony provided some support for his self-defense claim. As the district court recounted, however, the testimonial and physical evidence presented by the prosecution severely undermined DeLeon's account of the shooting. First, two witnesses testified that they did not see Aldamuy carrying a golf club, as DeLeon alleged, at the time of the shooting. Second, two police officers testified that no golf club was recovered at the scene. Third, although DeLeon suggested that his altercation with Aldamuy began in response to an incident between Aldamuy and DeLeon's wife, a witness stated that DeLeon's wife had left the restaurant in front of which the shooting took place long before the shooting. Fourth, a witness asserted that DeLeon's testimony that he had witnessed Aldamuy striking his wife from inside the restaurant was implausible because the window grates and door grate would have blocked DeLeon's view. Finally, the autopsy report, which showed that Aldamuy was shot in the back and side, contradicted DeLeon's claim that he shot Aldamuy while Aldamuy was striking him on the head with a golf club.
 
 
 16
 A rational jury could have found DeLeon's testimony incredible and could have credited the prosecution's witnesses and evidence. If the jury did so, and, for example, believed that Aldamuy was unarmed, the jury could easily have concluded beyond a reasonable doubt that, even if DeLeon believed himself to be in danger of imminent deadly force, such a belief was unreasonable under the circumstances. See People v. Lemaire, 589 N.Y.S.2d 919, 920 (N.Y.App.Div.1992). For this reason, viewing the evidence, as we must, in the light most favorable to the prosecution, Jackson, 443 U.S. at 319, we find that a rational jury could have reasonably concluded that the prosecution had proven beyond a reasonable doubt that DeLeon did not act in self-defense when he killed Aldamuy.
 
 
 17
 DeLeon's claim that he was denied a fair trial is also without merit. A federal court may intervene in the state judicial process only when a constitutional wrong is at stake. Wainwright v. Goode, 464 U.S. 78, 83 (1983) (per curiam). The erroneous admission of evidence in a state criminal case only rises to the level of constitutional error when it deprives the defendant of a fundamentally fair trial, and in this way, of due process of law. See Taylor v. Curry, 708 F.2d 886, 891 (2d Cir.), cert. denied, 464 U.S. 1000 (1983). To determine whether the error was so pervasive that the defendant was denied due process, we consider "whether the erroneously admitted evidence, viewed objectively in the light of the entire record before the jury, was sufficiently material to provide the basis for a conviction or to remove a reasonable doubt that would have existed on the record without it." Collins v. Scully, 755 F.2d 16, 19 (2d Cir.1985).
 
 
 18
 Even assuming, arguendo, that the trial court erred in admitting into evidence the prosecution's questioning of its own witness, John Galarza, about the Galarza's criminal record, it is unlikely that this error influenced the jury's verdict. Since DeLeon admitted to killing Aldamuy, the alleged error would only have been crucial to the verdict if the jury's assessment of Galarza's credibility was essential to the success or failure of DeLeon's justification defense. Although Galarza provided some limited support for DeLeon's testimony, by testifying that he had seen Aldamuy carrying a golf club earlier in the day and that the shooting took place soon after DeLeon's wife left the restaurant, he primarily undermined DeLeon's account of the events, testifying, for example, that he had not seen Aldamuy carrying a golf club at the time of the shooting. It is therefore highly unlikely that a different assessment of Galarza's testimony could have removed reasonable doubt that was otherwise present. Moreover, since most of the testimonial and physical evidence against DeLeon's version of the events surrounding the shooting came from sources other than Galarza, it is unlikely that the jury's credibility assessment of Galarza provided the basis for DeLeon's conviction. For these reasons, we find that DeLeon was not deprived a fair trial by the prosecution's impeachment of its own witness.
 
 
 19
 We have examined all of DeLeon's contentions and found them to be without merit. The district court's order denying DeLeon's petition for a writ of habeas corpus is therefore affirmed.
 
 
 
 *
 The Honorable Charles S. Haight, Jr., Senior District Judge of the United States District Court for the Southern District of New York, sitting by designation