■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH BOYLE, Appellant. [734 NYS2d 480] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered November 15, 1999, convicting him of manslaughter in the first degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and tampering with physical evidence (three counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People failed to disprove his defense of justification beyond a reasonable doubt is unpre-

served for appellate review, since he never moved in the trial court for dismissal on that ground (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Clinton,* 268 AD2d 531; *People v Vella,* 247 AD2d 642). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish that the defendant caused the victim's death by shooting him three times without reason to believe that the victim, who was unarmed, was about to use deadly physical force against him (*see, People v Lewis,* 283 AD2d 442, *lv denied* 96 NY2d 903; *People v Ramsay,* 199 AD2d 428; *People v Baa,* 189 AD2d 771; *People v Lemaire,* 187 AD2d 532). Moreover, the defendant had every opportunity to retreat safely without resorting to the use of deadly physical force (*see,* Penal Law § 35.15 [2] [a]; *Matter of Y. K.,* 87 NY2d 430, 434; *People v Nurse,* 277 AD2d 256; *People v Snell,* 256 AD2d 480; *People v Candelaria,* 206 AD2d 385). Furthermore, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is without merit (*see, People v Pons,* 68 NY2d 264, 268). O'Brien, J. P., Florio, Schmidt and Smith, JJ., concur.