■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE McNEAL, Appellant. [751 NYS2d 502] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Katz, J.), rendered October 28, 1999, convicting him of assault in the first degree (two counts), criminal possession of a weapon in the fourth degree (two counts), and operating a motor vehicle while under the influence of alcohol, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At trial, the defendant did not dispute that he repeatedly slashed the complainant with a knife. However, he argued that he acted with justification. On appeal, he contends that the jury should not have believed the complainant's testimony, which disputed the defendant's claim of self-defense, in light of the complainant's prior conviction, and testimony of the defendant and another witness contradicting the complainant's description of the incident.

Contrary to the defendant's assertions, the jury was not obliged to reject the complainant's testimony simply because he was convicted of a prior crime (*see People v Toro,* 272 AD2d 351). Nor was it required to believe the defendant because his testimony was corroborated by another witness (*see People v Ramsay,* 199 AD2d 428). It is well established that resolutions of issues of credibility are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). Ritter, J.P., O'Brien, Goldstein and Townes, JJ., concur.