■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK DURKIN, Appellant. [756 NYS2d 490] —Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered August 22, 2000, convicting him of attempted murder in the second degree, assault in the first degree, robbery in the first degree (two counts), grand larceny in the third degree, criminal possession of stolen property in the third degree, criminal possession of a weapon in the third degree, criminal possession of a forged instrument in the second degree, and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At the trial, the defendant did not dispute that he "flipped

out" and "slash[ed]" a knife "back and forth facing [the complainant]." He also admitted that he "threw" a knife at her, causing it to get "stuck" in the complainant's leg. However, the defendant claimed that he was unaware that he hurt the complainant, and that he acted with justification. On appeal, he contends that the jury should not have believed the complainant's testimony, which disputed his claim of self-defense, because the written and videotaped statements he gave to the police provided consistent descriptions of the incident, and because the complainant was not trustworthy due to her alleged alcohol abuse. However, the jury was not obliged to reject the complainant's testimony because of her alleged alcohol abuse (*see People v Leach,* 293 AD2d 760 [2002]). Nor was the jury required to believe the defendant because his statements were consistent. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

Moreover, the defendant's contention that the evidence was legally insufficient to disprove his justification defense is unpreserved for appellate review (*see People v Clinton,* 268 AD2d 531 [2000]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to disprove the justification defense beyond a reasonable doubt.

Finally, contrary to the defendant's contentions, the photographs depicting the scene of the crime and the complainant's injuries were not submitted solely to arouse the emotions of the jury and to prejudice him. The photographs both illustrated and corroborated the People's witnesses' descriptions of the complainant's injuries, and tended to disprove the defendant's version of events. Accordingly, the trial court properly admitted them (*see People v Pobliner,* 32 NY2d 356, 369-370 [1973], *cert denied* 416 US 905 [1974]). Smith, J.P., Goldstein, Townes and Mastro, JJ., concur.