◼ In the Matter of STEVENSON J., a Person Alleged to be a Juvenile Delinquent, Appellant. [761 NYS2d 486] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Hepner, J.), dated July 9, 2001, which, upon a fact-finding order of the same court dated May 14, 2001, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of attempted robbery in the first degree, attempted grand larceny in the fourth degree, criminal possession of a weapon in the fourth degree, and menacing in the second degree, adjudged him to be a juvenile delinquent and placed him in the custody of the Office of Children and Family Services for a period of 18 months. The appeal brings up for review the fact-finding order dated May 14, 2001.

Ordered that the appeal from so much of the order of disposition as placed the appellant in the custody of the Office of Children and Family Services for a period of 18 months is dismissed, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appellant's contention that the evidence was not legally sufficient to support the Family Court's finding that he committed acts which, if committed by an adult, would have constituted the crimes of attempted robbery in the first degree, attempted grand larceny in the fourth degree, criminal possession of a weapon in the fourth degree, and menacing in the second degree, is unpreserved for appellate review (*see Matter of Bomani L.,* 300 AD2d 586 [2002]). In any event, viewing the evidence in the light most favorable to the presentment agency (*see Matter of Frank C.,* 283 AD2d 643 [2001]), we find that it was legally sufficient to support the determination made in the fact-finding order. Moreover, resolution of issues of credibility

and the weight to be accorded the evidence are primarily issues for the trier of fact, who saw and heard the witnesses (*see Matter of James B.,* 262 AD2d 480 [1999]). Upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence (*cf.* CPL 470.15 [5]).

Since the appellant's Law Guardian expressly stated at the dispositional hearing that the appellant consented to the disposition imposed, the argument on appeal that it was not the least restrictive alternative is not properly raised on appeal since the appellant is not aggrieved by that part of the order of disposition (*see Matter of Nicole G.,* 274 AD2d 478 [2000]). Prudenti, P.J., Ritter, Altman and Cozier, JJ., concur.