■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALPHONSO LITTLEJOHN, Appellant. [762 NYS2d 921] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Weber, J.), rendered April 9, 1999, convicting him of manslaughter in the first degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt of manslaughter in the first degree, including disproving his defense of justification, is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]; *People v Boyle,* 289 AD2d 251 [2001]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

The People disproved the defendant's justification defense beyond a reasonable doubt. There was sufficient evidence to enable the trier of fact to conclude that the defendant could not have reasonably believed that the unarmed victim was about to use deadly physical force against him. Moreover, the defendant had every opportunity to retreat safely without resorting to the use of deadly physical force (*see* Penal Law § 35.15 [2] [a]; *People v Goetz,* 68 NY2d 96 [1986]; *People v Simmons,* 206 AD2d 550 [1994]).

Furthermore, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, who saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94 [1903]). The determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive *(see People v Suitte,* 90 AD2d 80 [1982])．Florio, J.P., Townes, Mastro and Rivera, JJ., concur.