■ In the Matter of RASEAN B., a Person Alleged to be a Juvenile Delinquent, Appellant. [775 NYS2d 878]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Hepner, J.), dated April 16, 2003, which, upon a fact-finding order of the same court dated March 3, 2003, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of attempted assault in the second degree, criminal possession of a weapon in the fourth degree, and an unclassified misdemeanor (possession of a box cutter while in a public place, by any person under 21 years of age, or on school premises by any person under 22 years of age, in violation of Administrative Code of the City of New York § 10-134.1 [e]), adjudged him to be a juvenile delinquent and placed him on probation for a period of 12 months.

Ordered that the appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months is dismissed as academic, as the period of placement has expired (*see Matter of Steven W.,* 294 AD2d 370 [2002]); and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of Israel S.,* 5 AD3d 388 [2004]; *Matter of Shamasia M.,* 4 AD3d 359 [2004]; *Matter of Marquis M.,* 1 AD3d 515 [2003]; *Matter of Stevenson J.,* 306 AD2d 412 [2003]), we find that it was legally sufficient to support the Family Court's fact-finding determinations. Moreover, it is well settled that "resolution of issues of credibility and the weight to be accorded the evidence are primarily issues for the trier of fact, who saw and heard the witnesses" (*Matter of Stevenson J.,*

*supra* at 412-413; *see Matter of Israel S., supra; Matter of Shamasia M., supra*), and upon the exercise of our factual review power, we are satisfied that the Family Court's fact-finding determinations were not against the weight of the evidence (*cf.* CPL 470.15 [5]; *People v Bleakley,* 69 NY2d 490 [1987]). Additionally, the appellant's claim that the presentment agency failed to disprove his justification defense beyond a reasonable doubt is not preserved for appellate review, since he never raised this issue before the Family Court (*cf. People v Boyle,* 289 AD2d 251 [2001]; *People v Littlejohn,* 307 AD2d 976 [2003]; *People v Durkin,* 303 AD2d 596 [2003]). In any event, the appellant's claim that he acted in self-defense is without merit (*see Matter of Jenette T.,* 308 AD2d 407 [2003]). Prudenti, P.J., Ritter, H. Miller and Adams, JJ., concur.