THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD KAGAN, Appellant. [776 NYS2d 514]—

Appeals by the defendant from (1) a judgment of the Supreme Court, Kings County (Barbaro, J.), rendered December 22, 1999, convicting him of murder in the second degree and criminal possession of a weapon in the second degree under Indictment No. 11177/98, after a nonjury trial, and imposing sentence, and (2) an amended judgment of the same court, also rendered December 22, 1999, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, upon his admission, and imposing sentence upon his previous conviction of criminal possession of a weapon in the third degree under Indictment No. 1777/94.

Ordered that the judgment and the amended judgment are affirmed.

The defendant's contention that the prosecution failed to disprove his justification defense beyond a reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]; *People v Littlejohn,* 307 AD2d 976 [2003]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]; *People v Florival,* 262 AD2d 499, 500 [1999]), we find that the defense of justification was disproved beyond a reasonable doubt (*see People v O'Brien,* 270 AD2d 433 [2000]; *People v Henry,* 244 AD2d 424, 425 [1997]; *People v Lemaire,* 187 AD2d 532, 533 [1992]; *People v Brown,* 187 AD2d 312, 313 [1992], *lv denied* 81 NY2d 837 [1993]). There was sufficient evidence for the trier of fact to conclude that the defendant was not the victim of a chain-snatching incident involving the decedent. Rather, the shooting was the result of an argument between the defendant and the decedent that escalated when the defendant pulled his gun on the unarmed decedent. Moreover, the evidence was legally sufficient to support the defendant's convictions of intentional murder and criminal possession of a weapon in the second degree. Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). Altman, J.P., Smith, S. Miller and Crane, JJ., concur.