■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO CINTRON, Appellant. [898 NYS2d 236]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Guzman, J.), rendered February 19, 2008, convicting him of assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying his untimely request for a missing witness charge with respect to a 911 emergency caller, based on its finding that the unidentified caller was not available to the People to testify at trial (*see People v Gonzalez*, 68 NY2d 424, 428-429 [1986]; *People v Perry*, 218 AD2d 818, 819 [1995]; *cf. People v Gladden*, 180 AD2d 747, 748 [1992]).

The defendant's contention that the People did not disprove his justification defense by legally sufficient evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492-493 [2008]; *People v Boyle*, 289 AD2d 251, 252 [2001]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to disprove the defendant's justification defense beyond a reasonable doubt (*see* Penal Law § 35.15 [2] [a]; *People v Lemaire*, 187 AD2d 532, 533 [1992]; *People v Henegan*, 150 AD2d 606, 607 [1989]; *People v Troche*, 147 AD2d 513, 514 [1989]; *People v Rosado*, 123 AD2d 649 [1986]; *see also People v Lee*, 185 AD2d 824 [1992]). Moreover, in fulfilling our responsibility to conduct

an·independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's remaining contention does not require reversal. Skelos, J.P., Santucci, Angiolillo and Chambers, JJ., concur.