In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Shaquary B. appeals from an order of disposition of the Family Court, Kings County (Ambrosio, J.), dated July 5, 2012, which, upon a fact-finding order of the same court (Freeman, J.), dated September 15, 2011, made after a hearing, finding that he committed acts which, if committed by an adult, would have constituted the crimes of attempted assault in the second degree, menacing in the second degree, criminal possession of a weapon in the fourth degree, obstructing governmental administration in the second degree, resisting arrest, and riot in the second degree, and after a dispositional hearing, adjudged him to be a juvenile delinquent and, inter alia, placed him on probation for a period of 12 months. The appeal brings up for review the fact-finding order dated September 15, 2011.
Ordered that the appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,
Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months has been rendered academic, as the period of placement has expired (see Matter of Rasean B., 7 AD3d 520 [2004]). However, because there may be collateral consequences resulting from the adjudication of delinquency, the appeal from so much of the order of disposition as adjudicated the appellant a juvenile delinquent, and which brings up for review the fact-finding order, has not been rendered academic (see Family Ct Act § 783; Matter of Darnell G., 106 AD3d 906, 907 [2013]).
Viewing the evidence in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792, 793 [1987]; Matter of Racheal M., 108 AD3d 770, 771 [2013]; Matter of Ashley P., 74 AD3d 1075 [2010]; cf. People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish, beyond a reasonable doubt, the appellant’s identity and that the appellant committed acts which, if committed by an adult, would have constituted the crimes of attempted assault in the second degree (see Penal Law §§ 110.00, 120.05 [2]), menacing in the second degree (see Penal Law § 120.14 [1]), criminal possession of a weapon in the fourth degree (see Penal *1066 Law § 265.01 [2]), obstructing governmental administration in the second degree (see Penal Law § 195.05), resisting arrest (see Penal Law § 205.30), and riot in the second degree (see Penal Law § 240.05) (see Matter of Racheal M., 108 AD3d at 771; Matter of Darnell G., 106 AD3d at 907; Matter of Trayvond W., 71 AD3d 683 [2010]; Matter of Terrance B., 40 AD3d 1083, 1084 [2007]; Matter of Rasean B., 7 AD3d at 520). Moreover, in fulfilling this Court’s responsibility to conduct an independent review of the weight of the evidence (see Matter of Hasan C., 59 AD3d 617, 617-618 [2009]; cf. CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (see Matter of Victor I., 57 AD3d 778, 779 [2008]; cf. People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record, we are satisfied that the Family Court’s fact-finding determination was not against the weight of the evidence (see Family Ct Act § 342.2 [2]; Matter of Darnell C., 66 AD3d 771, 772 [2009]; cf. People v Romero, 7 NY3d 633 [2006]). Rivera, J.P., Balkin, Chambers and Sgroi, JJ., concur.