In the Matter of the Claim of JOHN T. FERRI, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent.— Casey, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 23, 1984, which, upon reopening and reconsideration, adhered to its original decision ruling that claimant was not entitled to receive benefits.

Claimant appeals in accordance with the consent judgment entered in the United States District Court for the Southern District of New York in Municipal Labor Comm. v Sitkin (79 Civ 5899). He contends that various procedural deficiencies prescribed in that judgment have been violated. Specifically, however, the record belies his contention that the employer defaulted in appearing, entitling him to a default decision in accordance with settlement term No. 5. Claimant's supervisor and a senior personnel administrator of his department did appear at the hearing. Furthermore, claimant's showing that the same members of the Unemployment Insurance Appeal Board rendered the original decision and the redetermination decision does not demonstrate a violation of settlement term No. 9 requiring random selection of Board members for the second hearing, as found by the Board. Claimant's further contentions that his attorney was not permitted questioning of the summary of interview form at the administrative law judge's hearing and that the Board failed to consider new evidence that he introduced at the rehearing are likewise

unsupported by the record. We have considered these claims and found them meritless under our previous holding that this court has concurrent jurisdiction with the Federal District Court in regard to violations of the consent judgment *(Matter of Gorbaty [Roberts],* 103 AD2d 931).

We also find no substance to claimant's argument that the Board's prior decision lacks substantial evidentiary support. Claimant's termination of employment was based on his violation of Penal Law § 195.00 (1) and Public Officers Law § 74 (3) (e) and (h). His misconduct arose from causing a tax audit of a dissatisfied customer of his outside masonry employment when the customer refused to relieve claimant from a judgment against him that the customer had obtained. The previous finding of misconduct by the Board in those circumstances was found supported by substantial evidence by this court on July 2, 1981 and such determination is res judicata of that issue. Accordingly, the decision appealed from should be affirmed.

Decision affirmed, without costs. Mahoney, P. J., Kane, Main, Casey and Weiss, JJ., concur.