■ In the Matter of the Claim of MARTIN E. MORRISON, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 6, 1990, which, upon reconsideration, adhered to its prior decision ruling, *inter alia,* that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

On this appeal, claimant contends that the Unemployment Insurance Appeal Board's decision violated the procedural safeguards set forth in *Municipal Labor Comm. v Sitkin* (79 Civ 5899) insofar as he was denied the opportunity to cross-

examine his employer. While the employer's testimony was taken in New York after claimant's testimony was taken in California, claimant filed a statement responding to the employer's testimony. The record reveals that at the time of the employer's testimony, the Administrative Law Judge questioned the employer using claimant's own testimony. Claimant also received notice of the hearing and could have attended if he so desired. Therefore, claimant's procedural argument is unpersuasive (see, Matter of Ferri [Roberts], 114 AD2d 743; Matter of Gorbaty [Roberts], 103 AD2d 931). We also reject claimant's argument that the Board's prior decision was not supported by substantial evidence. Claimant himself testified that he resigned and that he was never told that he had to resign or face being fired. These facts, coupled with the employer's testimony to the same effect, support the conclusion that claimant voluntarily left his employment without good cause (see, Matter of Manson [Hartford Acc. & Indem. Group—Levine], 50 AD2d 980). Finally, the record also supports the finding of willful misrepresentation (see, Matter of Muller [Levine], 50 AD2d 1005, lv denied 40 NY2d 806). Claimant's remaining contentions have been reviewed and found to be lacking in merit.

Decision affirmed, without costs. Weiss, J. P., Yesawich, Jr., Levine, Mercure and Harvey, JJ., concur.