■ In the Matter of the Claim of MICHAEL RICCIUTTI, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 1, 1990, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Upon reopening its decision for the sole purpose of determining whether there was compliance with the consent judgment in *Municipal Labor Comm. v Sitkin* (79 Civ 5899), the Unemployment Insurance Appeal Board found no substantial procedural violations and it therefore adhered to its original decision disqualifying claimant from receiving unemployment insurance benefits. We agree with the Board that claimant's contentions in this regard are meritless and, therefore, affirmance is required *(see, e.g., Matter of Ferri [Roberts],* 114 AD2d 743). The record indicates that, although claimant missed the very beginning of the employer's testimony, the Administrative Law Judge gave a summary of the brief testimony upon claimant's late arrival. In addition, although claimant contends that he was not informed of certain rights when he first appeared, soon thereafter the Administrative Law Judge not only told claimant of his right to cross-examine, but claimant's request for witnesses was granted as was his request for an adjournment. Finally, with respect to claimant's contention that he was denied the right to call all expert witnesses, because claimant admitted that a medical injury was not the reason he gave his employer for not returning to work the additional expert testimony would have been irrelevant *(see, Armetta v General Motors Corp.,* 158 AD2d 284, 286).

Decision affirmed, without costs. Weiss, J. P., Yesawich, Jr., Levine, Mercure and Harvey, JJ., concur.