■ The People of the State of New York, Respondent, v Glenn Cox, Appellant. [610 NYS2d 15] —Judgment, Supreme Court, Bronx County (Bonnie Wittner, J.), rendered February 25, 1992, convicting defendant, after a jury trial, of murder in the second degree and sentencing him to a term of fifteen years to life imprisonment, unanimously modified on the law and facts to reduce the conviction to manslaughter in the first degree, vacate the sentence, and remand for resentencing, and otherwise affirmed.

Defendant, a habitual crack user, was convicted of the murder of his friend and housemate, Donald Simmons, a habitual drinker. Each had been partaking of his particular preferred substance, and Simmons had attacked defendant, who fled to his room. Simmons, wearing a knife on his belt, got a wooden samurai sword from his own room and followed defendant to defendant's room, where defendant subdued and disarmed him and continued to beat him with the sword, fracturing his skull and causing his death. The court charged the jury that if it found that defendant continued to use deadly physical force when he no longer believed such use was necessary to defend himself, it could find that he was no longer acting in self defense and could find him guilty of murder in the second degree or manslaughter in the first degree, if the elements of one of such crimes had been proven. No reason to disturb the jury's findings has been shown. The trial court's statement that if appellant had initiated the fight, self defense would not be available as a defense, merely served to explain its further instruction relating to the use of excessive force sometime during the incident, and was a harmless reference. And the court's reference to the duty to retreat, though in error in view of his being in his own dwelling, was harmless, since he clearly had retreated to his own bedroom and his having done so was not in issue. It is an element of murder in the second degree, however, that death be caused, "[w]ith intent to cause the death of another person" (Penal Law § 125.25 [1]). Here there has been no showing of such intent. The blows inflicted on Simmons were inflicted in the context of a fight provoked by Simmons and one from which defendant tried to extricate himself and which Simmons ad-

vanced. Nor does defendant's subsequent conduct support an intention to kill Simmons. Defendant implored a witness to get the police, urged the police to hurry, and cradled Simmons after the police arrived. The People successfully disproved the defense of justification, but there was no showing of an intent to kill as opposed to an intent to seriously injure *(People v Culpepper,* 109 AD2d 622, 623, *lv denied* 65 NY2d 814). Concur —Carro, J. P., Wallach, Asch and Nardelli, JJ.