■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER DEL-DEBBIO, Appellant. [664 NYS2d 28] —Judgment, Supreme Court, New York County (Bernard Fried, J.), rendered June 21, 1996, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him to time served, 5 years probation, and 200 hours of community service, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The jury had ample basis upon which to reject defendant's testimony and to instead credit the testimony of the victim and other People's witnesses, which version was confirmed by the physical evidence. Given these credibility determinations, there was overwhelming evidence that each of the four shots fired by defendant into the victim's back were reckless and unjustified.

The court properly instructed the jury that they must separately analyze each shot fired by the defendant in determining whether the defendant's action was justified. Even if a defendant is justified in using deadly physical force at the beginning of a single, ongoing encounter with an assailant, his right to use that force terminates at the point he can no longer reasonably believe the assailant still poses a threat to him (*People v Reeder*, 209 AD2d 551, *lv denied* 85 NY2d 913; *People v Cox*, 203 AD2d 7, *lv denied* 83 NY2d 1003). The jury charge neither amended the indictment nor rendered the assault count duplicitous. The court clearly instructed the jury that the assault remained a single crime, consisting of a single course of conduct, composed of several acts, one or more of which had to be found unjustified (*see, People v Charles*, 61 NY2d 321, 326-328; *People v Heinzelman*, 170 AD2d 841, *lv denied* 77 NY2d 995; *People v Rivera*, 157 AD2d 540, *lv denied* 76 NY2d 795).

The court did not err in precluding testimony from three proffered defense expert witnesses. Defendant failed to establish that two of the proffered experts were qualified to make their conclusions or that the conclusions were scientifically reliable (*Matott v Ward*, 48 NY2d 455) and the proffered testimony of the third, a psychologist, was rendered irrelevant by defendant's testimony (*see, Matter of Ricciutti*, 173 AD2d 1043), and was, in any event, not beyond the ken of the average juror (*People v Taylor*, 75 NY2d 277, 288; *People v Cronin*, 60 NY2d 430, 433).

We have considered defendant's remaining claims and find them to be without merit. Concur—Sullivan, J. P., Milonas, Wallach, Williams and Tom, JJ.