■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAOLO COLECCHIA, Appellant. [674 NYS2d 10] —Judgment,

Supreme Court, New York County (Ira Globerman, J.), rendered July 21, 1997, convicting defendant, after a nonjury trial, of manslaughter in the second degree, and sentencing him to a term of 1½ to 4½ years, unanimously affirmed. The matter is remanded to Supreme Court, Bronx County, for further proceedings pursuant to CPL 460.50 (5).

The verdict was based upon legally sufficient evidence and was not against the weight of the evidence. The trial court had ample basis upon which to reject defendant's testimony and credit the testimony of the People's witnesses. Contrary to defendant's contention on appeal, the physical evidence did not support his version of the events. Given the trial court's credibility determinations, there was overwhelming evidence that the fatal shot fired by defendant, into the victim's back while the victim was fleeing, was reckless and unjustified (see, People v Del-Debbio, 244 AD2d 195), and, in light of these circumstances, we reject defendant's contention that expert testimony on police training and guidelines was essential to establish recklessness.

The trial court's consideration of Penal Law § 35.30 and the elements of manslaughter provided the appropriate standard by which to measure the reasonableness of defendant police officer's conduct. It has been held that even if a defendant is justified in using deadly physical force at the beginning of a single, ongoing encounter with an assailant, his right to use that force terminates at the point where he can no longer reasonably believe that the assailant still poses a threat to him (see, People v Reeder, 209 AD2d 551; People v Cox, 203 AD2d 7, lv denied 83 NY2d 1003).

Defendant's mistrial motion based on improper attempts to influence the court was properly denied. A court sitting as trier of fact is deemed capable of disregarding prejudicial matter (People v Moreno, 70 NY2d 403, 406), and there is no indication that the court was influenced by various communications and legal memoranda that persons associated with the deceased's family attempted to bring to the court's attention.

We perceive no abuse of discretion in sentencing. Concur—Sullivan, J. P., Milonas, Rosenberger, Nardelli and Williams, JJ.