People v Hall (2021 NY Slip Op 03968)





People v Hall


2021 NY Slip Op 03968


Decided on June 17, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


596 KA 18-00912

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KAESEAN HALL, DEFENDANT-APPELLANT. 






JEFFREY WICKS, PLLC, ROCHESTER (JEFFREY WICKS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Charles A. Schiano, Jr., J.), rendered March 7, 2018. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant pleaded guilty to assault in the second degree (Penal Law § 120.05 [1]) and was sentenced to probation. Supreme Court subsequently determined, following a hearing, that defendant had violated a condition of his probation by attacking a stranger on a street corner. The court therefore revoked defendant's probation and imposed a different sentence. Defendant appeals, and we affirm.
Defendant contends that he did not violate his probation because he justifiably attacked the victim in self-defense (see generally Penal Law § 35.15 [1]). Even assuming, arguendo, that the defense of justification applies at a probation violation hearing to the same extent as at a criminal trial (cf. People v Miller, 289 AD2d 704, 705 [3d Dept 2001]; People v West, 283 AD2d 721, 722 [3d Dept 2001], lv denied 96 NY2d 836 [2001]), we reject defendant's contention for the following three reasons. First, defendant's own testimony explicitly characterized the underlying incident as a "mutual fight" in which he "got the best of" the victim, and the defense of justification is statutorily unavailable for "combat by agreement not specifically authorized by law" (§ 35.15 [1] [c]; see Matter of Kim H., 112 AD2d 160, 161 [2d Dept 1985]). Second, defendant's own testimony demonstrated that he "lacked a subjective belief that his use of . . . physical force was necessary to protect himself against [any] use or imminent use of . . . physical force" by the victim (People v Box, 181 AD3d 1238, 1240 [4th Dept 2020], lv denied 35 NY3d 1025 [2020], cert denied — US &mdash, 141 S Ct 1099 [2021]; see People v Grady, 40 AD3d 1368, 1371 [3d Dept 2007], lv denied 9 NY3d 923 [2007]). Third, any "right to use [physical] force [in self-defense] terminate[d] at the point where [defendant could] no longer reasonably believe that the [victim] still pose[d] a threat to him" (People v Colecchia, 251 AD2d 5, 6 [1st Dept 1998], lv denied 92 NY2d 895 [1998]), and the police officer's eyewitness testimony established that defendant continued attacking the victim even after the victim was lying "helpless" and "unconscious" on the ground.
Entered: June 17, 2021
Mark W. Bennett
Clerk of the Court