People v Spencer (2022 NY Slip Op 01943)





People v Spencer


2022 NY Slip Op 01943


Decided on March 18, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, NEMOYER, AND CURRAN, JJ.


1149 KA 18-01267

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANTHONY SPENCER, JR., ALSO KNOWN AS ANTHONY J. SPENCER, JR., ALSO KNOWN AS ANTHONY J. SPENCER, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JOHN J. MORRISSEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Genesee County Court (Charles N. Zambito, J.), rendered April 6, 2018. The judgment convicted defendant, upon a jury verdict, of gang assault in the first degree and assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of gang assault in the first degree (Penal Law
§ 120.07) and assault in the first degree (§ 120.10 [1]). We affirm.
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Contrary to defendant's further contention, County Court properly denied his request for a justification instruction (see People v McGhee, 4 AD3d 485, 486 [2d Dept 2004], lv denied 2 NY3d 803 [2004]; see generally People v Hall, 195 AD3d 1574, 1575 [4th Dept 2021], lv denied 37 NY3d 1096 [2021]). We reject defendant's four claims of ineffective assistance of counsel (see People v Harris, 195 AD3d 1535, 1537 [4th Dept 2021], lv denied 37 NY3d 1027 [2021]; People v Townsend, 171 AD3d 1479, 1481 [4th Dept 2019], lv denied 33 NY3d 1109 [2019]; People v Dark, 122 AD3d 1321, 1322-1323 [4th Dept 2014], lv denied 26 NY3d 1039 [2015], reconsideration denied 27 NY3d 1068 [2016]; People v Betsch, 4 AD3d 818, 819 [4th Dept 2004], lv denied 2 NY3d 796 [2004], reconsideration denied 3 NY3d 657 [2004]). The sentence is not unduly harsh or severe. Defendant's remaining contention is unpreserved for appellate review, and we decline to exercise our power to address it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Entered: March 18, 2022
Ann Dillon Flynn
Clerk of the Court